▮   THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM P. BOGDONAWICZ, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered November 17, 1976, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the second degree. The testimony at trial demonstrated that on July 29, 1976, defendant and a companion were sighted by two police officers in a patrol car some 15 minutes after the police had received a report that two men matching defendant's and his companion's description were prowling in yards in the vicinity. As the officers approached the men by car, the men turned around and Officer O'Connell saw something drop from the waist

area of one of the men. Upon examination, the items turned out to be three credit cards and an automobile registration. The police discovered a fourth credit card on defendant's person during a search at division headquarters. It was established at trial that the cards and registration belonged to one Alan Iselin who, upon being informed of the discovery, reported that they had been taken from his automobile. He testified that they could have been stolen any time within the prior four days. Defendant did not testify. However, his codefendant did, stating that the two had just been walking in the area when they came upon the stolen items hidden in a newspaper. They picked them up, walked a short distance, turned a corner, threw the cards away, and then the police arrived. Subdivision 2 of section 165.45 of the Penal Law makes it unlawful for a person to possess a stolen credit card with intent to benefit himself or a person other than the owner or to impede the recovery of the card by the owner. Subdivision 3 of section 165.55 raises the presumption that a person who possesses two or more stolen credit cards knows that the credit cards were stolen. Defendant claims on this appeal that the People failed to carry their burden of proving either physical or constructive possession of the credit cards. Defendant does not deny that one card was found on his person and that three cards were found at his feet. The evidence was fully adequate to support a finding of possession, whether physical or constructive, and the verdict must stand. Judgment affirmed. Greenblott, J. P., Sweeney, Kane, Mahoney and Herlihy, JJ., concur.